```
                    UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF VERMONT

CHARLENE FYFE,                      :
        Plaintiff,                  :
                                    :
              v.                    :       File No. 1:06-CV-28
                                    :
DUDLEY M. BAKER,                    :
        Defendant.                  :
_____:
```

<u>RULING ON PLAINTIFF'S MOTION TO STRIKE
DEFENSE EXPERT WITNESS DR. BRYAN BILFIELD</u>
(Paper 50)

Fed. R. Civ. P. 26(a)(2)(B)'s expert disclosure requirements include, among other things, "a complete statement of all opinions to be expressed . . . and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years."  Fed. R. Civ. P. 37(c) authorizes exclusion of expert testimony in the event of a party's failure to disclose the requisite Rule 26(a)(2)(B) information unless there is substantial justification for the failure to disclose or the failure to disclose is harmless.

Plaintiff's agitation with Dr. Bilfield for expressing no "opinions" is cured by Dr. Bilfield's supplemental report (Paper 55-3) and, therefore, that part of Plaintiff's motion to strike is DENIED.

The lingering problem, however, is that the defense has not provided a list of cases in which Dr. Bilfield has testified

1

because the doctor says he does not have such a list and is unable to construct one.  (Paper 50-2).  In resolving this issue, the Court finds Norris v. Murphy, 2003 WL 21488640 (D. Mass. June 26, 2003) instructive.  Facing similar facts, the Norris court excluded the expert's testimony reasoning there were two explanations for why the expert failed to provide a list of cases:

> [t]he first is that he patently (and with some degree of arrogance) refuses to keep the records which would enable him to comply . . . [t]he second possible reason . . . is that the information is available but that he cannot be bothered to be put to the task of doing the digging necessary to discover the information.

Id. at *3-4.  The Norris court emphasized that experts should not be offering their services in federal court if they cannot (or will not) comply with the Federal Rules and attorneys should not be retaining such experts.  Id. at *5.

So it is here.  Dr. Bilfield's failure to keep/provide a list of cases is both without substantial justification and not harmless.  Instead, it frustrates the spirit and purpose of Rule 26 expert discovery and threatens to turn the trial into a game of blindman's bluff.

Accordingly, Plaintiff's motion to strike Dr. Bilfield is GRANTED for failure to provide "a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years."  Fed. R. Civ. P. 26(a)(2)(B).  However, in the event Defendant supplies Plaintiff

with the requisite list on or before July 13, 2007, the Court will reconsider its decision upon motion by Defendant.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 28th day June, 2007.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge
